IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN P. DILGER                                                                                         PLAINTIFF

vs.                                           Civil No. 3:09-cv-03035

MICHAEL J. ASTRUE,                                                                                   DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

On November 3, 2009, Defendant filed a Motion to Remand. (Doc. No. 11).[1] Plaintiff did not oppose this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

Defendant requests a remand pursuant to sentence four of 42 U.S.C. § 405(g), so the Commissioner may conduct further administrative proceedings. Defendant seeks remand so the Administrative Law Judge (ALJ) may re-evaluate the evidence with respect to Plaintiff's mental status including a function-by-function analysis with specific references to the record supporting the findings. Defendant requests the ALJ reconsider Plaintiff's physical Residual Functional Capacity (RFC), and resolve possible inconsistencies between the objective and subjective evidence for both Plaintiff's physical and mental impairments. The Defendant also requests the ALJ seek the testimony of medical expert to assist in reevaluating Plaintiff's mental and physical RFC and to

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

re-adjudicate the entire period from Plaintiff's alleged onset through the new hearing. The Defendant also argues the ALJ may want to consider requesting vocational expert testimony at the new hearing if necessary.

This Court finds this motion is well-taken and should be granted. The Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. In addition, the undersigned finds the Plaintiff's Complaint should be and hereby is dismissed without prejudice. Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

This Court directs the ALJ to re-evaluate the evidence with respect to Plaintiff's mental status including a function-by-function analysis with specific references to the record supporting the findings. The ALJ shall reconsider Plaintiff's physical Residual Functional Capacity (RFC), and shall resolve any inconsistencies between the objective and subjective evidence for both Plaintiff's physical and mental impairments. The ALJ shall seek the testimony of a medical expert to assist in reevaluating Plaintiff's mental and physical RFC and shall re-adjudicate the entire period from Plaintiff's alleged onset through the new hearing. The ALJ may also desire to consider requesting vocational expert testimony at the new hearing if necessary.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of November, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE